IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: David E. Flautt          NO. 3:1999-MC-00019(NBB)-D

## ORDER REINSTATING DAVID E. FLAUTT TO THE BAR OF THE NORTHERN DISTRICT OF MISSISSIPPI

This matter comes before the Court pursuant to Local Rule 83.1(C)(3), wherein the Movant, David E. Flautt, demonstrates to the Court that he has been reinstated to practice law by the Mississippi State Supreme Court. The readmission of the said David E. Flautt to the Mississippi Bar was subject to the following two conditions, to wit:

(1) He shall continue to participate in the Mississippi Bar's Lawyers and Judges Assistance Program or the Memphis Bar Association's Lawyers' Wellness Group for no less than two years from September 9, 2004; and (2) He shall open a new escrow/trust account for conducting his law practice and shall submit the monthly bank statements for such escrow/trust to the Mississippi Bar's General Counsel for his review for a period of twelve months following his resumption of the practice of law.

It appears to this Court that the said David E. Flautt has complied with the aforesaid conditions and shall continue to comply with the conditions as specified by the opinion of the Mississippi State Supreme Court.

It appearing to the Court that he has been readmitted under the aforesaid conditions to practice law in the State of Mississippi, and it is the opinion of this Court that upon payment of proper fees, the said David E. Flautt shall be and he is hereby permitted to resume his membership as a member of the Bar of the Northern District of Mississippi with all rights and privileges pertaining thereto and that he shall, so long as he complies with the conditions

specified by the Mississippi State Supreme Court, be for all purposes a member of the Bar of this Court.

ORDERED this the 16th day of May, 2005.

_____
CHIEF JUDGE

# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-BR-02273-SCT

*IN THE MATTER OF THE PETITION OF DAVID E. FLAUTT FOR REINSTATEMENT TO THE MISSISSIPPI BAR*

| | |
|---|---|
| ATTORNEY FOR APPELLANT: | ANDREW J. KILPATRICK JR. |
| ATTORNEY FOR APPELLEE: | MICHAEL B. MARTZ |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | REINSTATEMENT GRANTED - 09/09/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.   This case is before the Court, en banc, upon the petition of David E. Flautt seeking reinstatement and readmission to the Mississippi Bar. We conclude that all conditions and requirements for reinstatement have been met, save one which can only be met upon resumption of his practice of law, and we order his reinstatement, subject to that one condition.

## FACTS

¶2.   In October, 1999, this Court suspended Flautt from the practice of law for three years for misconduct involving the commingling and misuse of trust account funds. With regard to the formal complaint which was filed against him, Flautt admitted that he misappropriated

**EXHIBIT "A"**

6.  Movant desires to be reinstated to practice law before the United States District Court for the Northern District of Mississippi.

WHEREFORE, PREMISES CONSIDERED, Movant, David E. Flautt, respectfully moves the Court to grant him relief from the suspension imposed by this Court's November 22, 1999 order, and to reinstate him to the practice of law before the United States District Court for the Northern District of Mississippi upon such terms and conditions as this Court deems appropriate. Movant prays for such other and further relief to which he may be entitled.

Respectfully submitted,

DATED: May 6, 2005          BY:  _____
                                 DAVID E. FLAUTT, MSB #5212
                                 ATTORNEY AT LAW
                                 426 SOUTH LAMAR BOULEVARD, STE. 12
                                 P. O. BOX 1401
                                 OXFORD, MS 38655
                                 (662)/234-8279

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    DAVID E. FLAUTT

MOVANT

NO. 3:1999-MC-00019-NBB

### MOTION FOR RELIEF FROM SUSPENSION
### AND FOR REINSTATEMENT TO PRACTICE LAW

NOW COMES Movant, David E. Flautt, and pursuant to Local Rule 83.1(C)(3), respectfully moves this Court to grant him relief from the suspension and to reinstate him to practice law before this Court. In support of this Motion, David E. Flautt would respectfully show the Court the following:

1. The Supreme Court Mississippi imposed upon Movant a three (3) year suspension from the practice of law by Order and Opinion dated November 7, 1999.

2. This Court issued an order in this cause suspending Movant from practicing law before the United States District Court for the Northern District of Mississippi on or about November 22, 1999.

3. Movant complied with the terms and conditions of his suspension, and in October, 2003, filed a Petition for Reinstatement to the Mississippi Bar with the Supreme Court of Mississippi.

4. By order and opinion dated September 9, 2004, the Supreme Court of Mississippi granted Movant's Petition for Reinstatement to the Mississippi Bar, and a true and correct copy of said opinion and Order is attached to and incorporated in this Motion as Exhibit "A".

5. Movant would respectfully show this Court that he continues to participate in the Mississippi Bar's Lawyers and Judges Assistance Program and has recently opened a new client trust/escrow account in for conducting his law practice. Accordingly, Movant is in ongoing compliance with the conditions for reinstatement to the Mississippi Bar. Movant attaches and incorporates a true and correct copy of his current membership card as Exhibit "B", as proof of his active membership and good standing with the Bar.

a portion of $37,500 in settlement funds and misrepresented to the client what was done with the funds. During the hearing before the Complaint Tribunal, Flautt voluntarily presented testimony of two other instances in which client funds totaling approximately $75,000 in his trust account were misused. Also during the hearing there was testimony of the effect of a series of personal tragedies in Flautt's life over a period of more than four years preceding the suspension, including the deaths of his parents and the deaths of his wife's parents. There was testimony as to Flautt's psychological condition during this time that impacted his ability to manage the affairs of his practice. The Complaint Tribunal found that he violated numerous rules of professional conduct, including failure to: abide by a client's decisions; include proper contractual provisions; keep his clients reasonably informed; reduce to writing his contingency fee contract; promptly deliver to the clients any funds the clients are entitled to receive, together with an accounting therefor; keep the clients' property separate from his property until there is an accounting and a severance of their interests; and to cooperate and properly respond to the Bar's lawful request for information. Further, the Complaint Tribunal found that he violated the rules of professional conduct involving dishonesty and deceit and that he misappropriated the settlement proceeds.

¶3.     The Tribunal, in its final judgment, specified the following conditions which must be met in order to be reinstated:

> In addition to the three (3) year suspension from the practice of law imposed herein, Mr. Flautt is hereby ordered to take the Multi State Professional Responsibility Exam, as prepared by the National Conference of Bar Examiners and achieve a scaled score of not less than 80 as a condition of his reinstatement to the practice of law. Also, as a further condition to Mr. Flautt's possible reinstatement to the practice of law, Mr. Flautt is directed to

continue receiving counseling from Dr. Hargrove or another duly qualified psychologist or psychiatrist and to continue receiving treatment from his family physician or a successor medical doctor until maximum medical recovery is achieved at which time each will provide a statement of certification to the General Counsel. Once Mr. Flautt is reinstated, if he is granted such privilege by the Mississippi Supreme Court, Mr. Flautt is to open a new trust/escrow account for conducting his law practice and he is to submit the monthly bank statements for such escrow/trust account to the Mississippi Bar's General Counsel for his or her review for a period of twelve (12) months following such reinstatement and Mr. Flautt's resumption of the practice of law.

Flautt repaid the money and was suspended from the practice of law for three years.

## DISCUSSION

¶4.     This Court has exclusive and inherent jurisdiction regarding the discipline of attorneys as promulgated in the Rules of Discipline for the Mississippi State Bar. *Miss. Bar v. McGuire*, 647 So.2d 706, 708 (Miss. 1994). We conduct a de novo review in cases involving the discipline of attorneys, on a case-by-case basis, as triers of fact. *In re Morrison*, 819 So.2d 1181, 1183 (Miss. 2001). The petitioner seeking reinstatement carries the burden of proving that he has rehabilitated himself and established the requisite moral character to entitle him to the privilege of practicing law. *In re Holleman*, 826 So.2d 1243, 1246 (Miss. 2002).

¶5.     This Court's fundamental inquiry is whether the attorney has rehabilitated himself in conduct and character since the suspension was imposed. *In re Mathes*, 653 So.2d 928, 929 (Miss. 1995). A firm resolve to live a correct life evidenced by outward manifestation sufficient to convince a reasonable mind clearly that the person has reformed is only required *In re Underwood*, 649 So.2d 825, 828-29 (Miss. 1995).

3

¶6.  Rule of Discipline 12, the rule governing reinstatement, provides in pertinent parts:

> 12.5  Subsequent to the time of eligibility for reinstatement of an attorney suspended for six months or longer, the petitioning attorney shall take the Multi-State Professional Responsibility Exam, as prepared by the National Conference of Bar Examiners, and achieve a scaled score of not less than 80, if the Complaint Tribunal determines, on a case-by-case basis, that good cause exists to require the applicant for reinstatement to take such test.
>
> * * *
>
> 12.7  All reinstatement petitions shall be addressed to the Court, shall state the cause or causes for suspension or disbarment, give the names and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct, the making of full amends and restitution, the reasons justifying reinstatement, and requisite moral character and legal learning to be reinstatement to the privilege of practicing law. Upon filing, the petition shall be served on, and an investigatory fee of $500.00 shall be paid to the Bar . . , . The matters set out in this paragraph shall be jurisdictional.

¶7.  In the case of *In re Benson*, 2004 WL 185339 (Miss. 2004), this Court has enunciated the five jurisdictional requirements of Rule 12.7 in a straightforward and concise manner, to insure clarity and consistency in our analysis of reinstatement cases. Applying them to the present case, we conclude that David E. Flautt has complied with the jurisdictional requirements and should be reinstated to the practice of law subject to his complying with the two conditions described below.

   1.  **The cause or causes for suspension.**

¶8.  Flautt readily acknowledged the commingling and misuse of trust account funds in three instances, totaling approximately $75,000, and expressed regret and contrition for his misconduct. He provided specific details of personal and traumatic events in his life, including the deaths of his parents and his wife's parents during approximately four years immediately prior to the misconduct which resulted in his suspension. He sought evaluation

of his psychological condition and undertook therapy, training, and counseling to prevent such misconduct from manifesting itself again. He also has relied on the evaluation and conclusions of his psychologist and physician that he has reached the point where he is able to seek reinstatement. Attached to Flautt's petition for reinstatement were two letters, dated August 17, and September 24, 2003, from his physician, Milton D. Hobbs, M.D., and one letter dated September 12, 2003, from his psychologist, David S. Hargrove, Ph.D. All recounted Flautt's bouts with depression and his recovery from it. He has not required medication since 2000, and both Dr. Hobbs and Dr. Hargrove indicate that Flautt no longer exhibits signs or symptoms of depression and has reached maximum medical improvement. Dr. Hargrove saw Flautt on a regular basis from October 1999, to August 2002, when Dr. Hargrove left Mississippi. Since that time he has seen Flautt nine times, on occasions when he has returned to Oxford on business. Dr. Hargrove wrote in his September 12, 2003, letter that Flautt was "profoundly affected by four deaths of significant people in his life in a brief period of time immediately prior to the time period of the incidents which gave rise to the Formal Complaint. The depression appeared to be related to an accumulation of traumatic events in which he was able to do little or nothing. The impact of the trauma influenced both his personal and professional functioning." Dr. Hargrove concluded his letter by saying "if there were similar traumatic events in [Flautt's] life [in the future] it is my opinion that he would handle the situation entirely different and would seek help again if need be." We find no need for further medical or psychological examinations of Flautt as a condition for reinstatement.

¶9. This requirement has been fully met.

### 2. Names and current addresses of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct.

¶10. Flautt provided details of his misuse of funds in his trust account which were supposed to be paid to Harold and Tanya Holt, and the Insurance Company of North America (CIGNA), which was the workers' compensation carrier claiming reimbursement of subrogation expenses from the Holts. Prior to the hearing before the Complaint Tribunal, Flautt and the Bar entered into stipulations of the facts regarding Flautt's handling of these funds, and subsequent to the filing of the formal complaint, his restoration of the funds to his clients. Based on these stipulations, the Tribunal determined that Flautt had satisfactorily disbursed the funds to CIGNA and the Holts.

¶11. During the hearing on the formal complaint, Flautt voluntarily presented testimony to the Tribunal of two other incidents of misuse of client funds. The Tribunal found that the evidence established that while those clients' funds may have been in jeopardy, Flautt had returned the funds without delaying the clients' receipt of the funds.

¶12. Because the persons and parties whose funds were misused and put in jeopardy were made whole prior to the Tribunal's judgment, there is no need for Flautt to provide their current names and addresses pursuant to this second requirement.

### 3. Make full amends and restitution.

¶13. Flautt made full amends to CIGNA in the amount of $7,982.81 in September, 1998, and to the two other clients unrelated to the charges in the formal complaint. The Tribunal

made such finding in its Opinion. Further, on January 31, 2000, Flautt paid $491.87 in costs and expenses incurred in the investigation and prosecution of the suspension proceedings.

¶14. This requirement has been fully met.

### 4. Show that petitioner has the necessary moral character for the practice of law.

¶15. The Bar's general counsel deposed Flautt on November 13, 2003, as part of the Bar's investigation of his petition for reinstatement. Flautt voluntarily submitted to this and cooperated throughout the deposition. He testified that he joined the First Presbyterian Church of Oxford and regularly participates in a men's prayer breakfast and bible study group. He serves on the church's property, personnel, and nominating committees. In June, 2002, Flautt contacted the administrator of the Lawyers and Judges Assistance Program (LJAP) who put him in contact with the Memphis Bar Association's Lawyers Wellness Group, which he regularly attended until mid-September, 2003, at which time he became one of the founding members of the North Mississippi Wellness Group organized by the Mississippi Bar. He has assisted the LJAP administrator in helping other lawyers in North Mississippi by discussing depression related issues, encouraging them to attend group meetings, and transporting them to and from meetings.

¶16. We agree with the condition recommended by the Mississippi Bar that Flautt should be required to continue to participate in a program, such as LJAP or the Memphis Assistance Program, and determine that this continuation should be for a period of no less than two years following his reinstatement.

¶17. Flautt's petition for reinstatement is supported by letters of recommendation from bar leaders, including Jack F. Dunbar, Guthrie T. Abbott, A. Thomas Tucker, Jr., John H. Dunbar, Leland S. Smith, Edley H. Jones, III, Hale Freeland, and Robert Q. Whitwell. All speak well of Flautt and find special merit in his commitment to work hard to rehabilitate himself and regain possession of the capacity to be an asset to the public as a lawyer and to be a credit now to the profession. All urge reinstatement. Flautt has also provided the names of five sitting judges, one senior status judge, and one retired judge who will write letters of recommendation if requested to do so. We do not deem that to be necessary for his reinstatement.

¶18. This requirement has been fully met.

### 5. Demonstrate requisite legal education to be reinstated.

¶19. Flautt sat for the Multi-State Professional Responsibility Exam (MPRE) on November 8, 2002, which was more than three years from the October 1, 1999, date on which the Complaint Tribunal rendered its decision to suspend Flautt for three years. He achieved a scaled score of 126, when only a scaled score of 80 was required to meet the condition for reinstatement imposed by the Complaint Tribunal. He attended two Continuing Legal Education courses in November, 2002 and March, 2003, and regularly reads the opinions of this Court and the Court of Appeals.

¶20. The Mississippi Bar has recommended that Flautt be required to take the complete bar examination as a condition of reinstatement. However, we decline to impose that requirement here. Although Rule 12 requires disbarred attorneys to take and pass the

complete bar examination, it only requires suspended attorneys to take and pass the MPRE. We see no reason to impose this greater requirement on Flautt.

¶21. This requirement has been fully met.

¶22. It is apparent that the five requirements of Rule 12 overlap, to a large extent, with the three specific conditions imposed upon Flautt by the Complaint Tribunal. There is ample evidence in the record before us to determine that Flautt has complied with two of the three specific conditions: (1) he took the Multi-State Professional Responsibility Exam and scored higher than the scaled score of 80 required of him; and (2) he continued counseling from Dr. Hargrove, and continued to receive treatment by his family physician, Dr. Hobbs, and provided a statement from them that he had reached maximum medical recovery. However, condition (3) has not been met, and cannot be met, unless and until Flautt resumes his law practice. That condition is that he must open a new trust/escrow account for conducting his law practice and to submit the monthly bank statements for that account to the Mississippi Bar's General Counsel for his or her review for a period of twelve months following his reinstatement and resumption of the practice of law.

¶23. The Mississippi Bar conditionally supports Flautt's reinstatement to membership in the Mississippi Bar and the reissuance of his license to practice law in this State, listing five suggested conditions. We agree with the conditions which track those mentioned above: namely, continued participation in an appropriate support program, and compliance with the post-reinstatement requirements of the Complaint Tribunal. We decline to impose the

conditions regarding taking the complete bar examination, obtaining further physical and psychological examinations, and inviting letters of recommendation from judges.

¶24. This Court thus directs that Flautt shall be reinstated and that he shall establish and manage his trust/escrow account in compliance with the Tribunal's Judgment. If for any reason he fails to comply with this final condition, he shall be subject to further disciplinary action.

## CONCLUSION

¶25. We grant David E. Flautt's petition to reinstate his license to practice law and to be readmitted to the Mississippi Bar, subject to the following two conditions: (1) he shall continue to participate in the Mississippi Bar's Lawyers and Judges Assistance Program or the Memphis Bar Association's Lawyers Wellness Group for no less than two years from the date of this opinion; and (2) he shall open a new trust/escrow account for conducting his law practice and shall submit the monthly bank statements for such escrow/trust account to the Mississippi Bar's General Counsel for his review for a period of twelve months following his resumption of the practice of law.

¶26. **PETITION OF DAVID E. FLAUTT FOR REINSTATEMENT TO THE PRACTICE OF LAW AND READMISSION TO THE MISSISSIPPI BAR, GRANTED SUBJECT TO FLAUTT SATISFYING THE TWO AFOREMENTIONED CONDITIONS.**

**SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON, AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**

# Supreme Court of Mississippi
# Court of Appeals of the State of Mississippi
*Office of the Clerk*

Betty W. Sephton
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@mssc.state.ms.us

September 9, 2004

This is to advise you that the Mississippi Supreme Court rendered the following decision on the 9th day of September, 2004.

Supreme Court Case # 2003-BR-02273-SCT

In the Matter of the Petition of David E. Flautt for Reinstatement to The Mississippi Bar

Petition of David E. Flautt for Reinstatement to the Practice of Law and Readmission to The Mississippi Bar is granted subject to Flautt satisfying the conditions set out in Opinion of this Court handed down this date. David E. Flautt taxed with costs of appeal. Diaz, J., not participating.

* NOTICE TO CHANCERY/CIRCUIT/COUNTY COURT CLERKS *

If an original of any exhibit other than photos was sent to the Supreme Court Clerk and should now be returned to you, please advise this office in writing immediately.



**EXHIBIT "B"**